UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ESTATE OF GEORGE CHURCH,

           Plaintiff,

                                        Case No. 04-CV-75069

vs.                                    HON. GEORGE CARAM STEEH


JACQUELINE TUBBS,

           Defendant.

_____/

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (#9)
AND NOTICE TO APPEAR AT JANUARY 4, 2006, 11:00 A.M.
STATUS CONFERENCE

       Defendant Jacqueline Tubbs moves for summary judgment of plaintiff Estate of George Church's claims of breach of implied in law contract, unjust enrichment, conditional gift, and declaratory judgment. Oral argument would not significantly aid the decisional process. Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the motion be resolved without oral argument.

## I. Background

       Plaintiff Estate filed its complaint in federal court on December 29, 2004 alleging Estate's decedent George Church, a citizen of the United Kingdom, and defendant Tubbs, a resident of Michigan, began communicating over the Internet in the Fall of 1999. Estate alleges Church and Tubbs thereafter "developed a long distance relationship, utilizing written correspondence, telephone contacts, and several visits in person." Complaint, ¶ 5, at 3. Estate alleges that, during this relationship, Tubbs assured Church that she loved him and desired to marry him. Church and Tubbs allegedly became engaged in February 2000, agreeing to be married in Las Vegas in July 2000. Estate alleges that, on December

29, 1999, two months before the engagement, Church paid off $4,100.00 of Tubbs' credit card debts in return for Tubbs' promise to repay him when she settled a Workers' Compensation lawsuit. Estate alleges Church purchased a $7,274.40 engagement ring for Tubbs on February 14, 2000, and on March 15, 2000, Church deposited $194,852.56 into a bank account for use in purchasing a home in Peck, Michigan, Tubbs' hometown. Estate alleges Tubbs was directed to place title in the home in both their names, and as directed, on April 7, 2000, Tubbs caused the property to be held by herself and Church as unmarried joint tenants. Church allegedly delivered certain personal belongings to the Michigan home, including a family heirloom diamond ring worth $4,560.00.

Estate continues by alleging that, without reason or explanation, Tubbs e-mailed Church on June 5, 2000 stating their relationship was over. Church allegedly executed a Last Will and Testament two days later, on June 7, 2000. Estate alleges Tubbs rejected Church's demands to repay the $4,100.00 loan, to return the engagement ring and his personal property, and to return his interest in the Michigan home. Church died on July 24, 2000. Estate alleges Tubbs took out a $51,000.00 mortgage on the Michigan property on March 5, 2002. Count I alleges breach of an implied in law contract of marriage. Count II alleges unjust enrichment. Count III alleges wrongful failure to return the engagement ring and Michigan real property as conditional gifts vesting only upon marriage. Count IV seeks declaratory relief that Estate is entitled to recover the loan, engagement ring, Michigan real property, and Church's personal property. A bench trial is currently scheduled for February 13, 2006. The dispositive motion cut-off date expired on October 24, 2005.

## II. Motion for Summary Judgment

Defendant Tubbs moves for summary judgment arguing this court lacks federal diversity jurisdiction because Church's ancillary estate is being probated in Sanilac County, Michigan, and therefore plaintiff Estate and Tubbs are both citizens of Michigan for

purposes of diversity jurisdiction under 28 U.S.C. § 1332. Tubbs argues in the alternative that, even if this court enjoys federal diversity jurisdiction, Church's June 7, 2000 Will, probated in England, provides that "I release any debts owing to me at the date of my death together with all interest owing to me," thus precluding any recovery by Estate in this lawsuit.

Federal Rule of Civil Procedure 12(b)(1) authorizes the court to dismiss an action for lack of federal subject matter jurisdiction. "A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists." DLX, Inc. v. Kentucky, 381 F.3d 511, 516 (6th Cir. 2004). Federal Rule of Civil Procedure 56(c) empowers the court to render summary judgment "forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See Redding v. St. Eward, 241 F.3d 530, 532 (6th Cir. 2001).

Defendant Tubbs' lack of requisite jurisdictional diversity argument is without merit. The Ancillary Administrator of Church's Estate is deemed by law to be a citizen of the decedent's State, the United Kingdom. See 28 U.S.C. § 1332 (c)(2). Defendant Tubbs is alleged to be a citizen of Michigan. Construing the complaint in a light most favorable to plaintiff, there is no dispute that the parties are citizens of different states for purposes of federal diversity jurisdiction under 28 U.S.C. § 1332(a)(1). DLX, Inc., 381 F.3d at 516.

However, even though the requirements for diversity jurisdiction have been established, this district court may still lack federal subject matter jurisdiction under the "probate exception" to diversity jurisdiction. Lepard v. NBD Bank, 384 F.3d 232, 237 (6th

3

Cir. 2004). "The standard for determining whether federal jurisdiction may be exercised is whether under state law the dispute would be cognizable only by the probate court." Id. at 237. This standard is broadly applied: ""The [probate] exception applies both to purely probate matters, and to matters ancillary to probate in the practical sense that allowing it [the case] to be maintained in federal court would impair the policies served by the probate exception to diversity jurisdiction." Id. at 237-238 (internal quotation omitted). Michigan probate courts enjoy exclusive legal and equitable jurisdiction to inter alia construe a decedent's will, M.C.L. § 700.1032(a)(iv), and to declare the rights that involve an estate. M.C.L. § 700.1032(a)(iii). A court may order removal to a probate court having concurrent jurisdiction on motion of a party. M.C.L. § 700.1303(2).

Tubbs applies a broad interpretation to Church's Will provision "releas[ing] any debts owing to me at the date of my death together with all interest owing to me," arguing the provision precludes Estate from recovering on any of its claims. Estate responds that this provision was only intended to apply to one Sue Carrick, not to Tubbs. At minimum, this court lacks jurisdiction under the probate exception to federal diversity jurisdiction to construe the intent of Church's Will. Lepard, 384 F.3d at 237-238. Tubbs' motion for summary judgment premised on an interpretation of Church's Will is thus without merit, as the court lacks jurisdiction to interpret the Will provision "as a matter of law." Redding, 241 F.3d at 532.

The parties have not had an opportunity to brief the probate exception to federal diversity jurisdiction raised by the court. The dispositive motion cut-off date has since expired, and trial is scheduled for February 13, 2006. Tubbs has not addressed those cases cited in Estate's complaint for the proposition that an engagement ring is deemed a conditional gift that fails when the engagement is terminated. See Meyer v. Mitnick, 244 Mich. App. 697, 625 N.W.2d 136 (2001). Neither have the parties addressed Michigan law

4

limiting recovery on an agreement reached between an unmarried couple to theories of express or implied in fact contracts; Michigan courts "will not allow recovery based on contracts implied in law or quantum meruit because to do so would essentially resurrect common-law marriage." Featherston v. Steinhoff, 226 Mich. App. 584, 575 N.W.2d 6 (1998). The parties have not addressed a Michigan probate court's authority to partition real property. See M.C.L. §§ 600.3301, 600.3304, 700.1303(1)(b); Beaton v. LaFord, 79 Mich. App. 373, 261 N.W.2d 327 (1978). Given the unresolved legal issues, including the jurisdictional issue raised under the probate exception to federal diversity jurisdiction, the court is convinced that, in lieu of an order to show cause why this matter should not be dismissed for lack of federal jurisdiction, a status conference is needed to clarify these issues and the parties' positions before proceeding to the scheduled bench trial.

For the reasons set forth above, defendant Tubbs' motion for summary judgment is hereby DENIED. The parties are hereby notified to appear before this court on **JANUARY 4, 2006 at 11:00 A.M.,** **PROMPTLY**, in Courtroom 228, Theodore Levin U.S. Courthouse and Federal Building, 231 W. Lafayette, Detroit, Michigan, 48226 for a status conference.


SO ORDERED.

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated: December 6, 2005


CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on December 6, 2005, by electronic and/or ordinary mail.

s/Josephine Chaffee
Secretary/Deputy Clerk